William G. Sibley & als. *versus* Andrew Rider & al.

The validity of a levy having been once tried and determined by a court of competent jurisdiction, the unreversed judgment thereon is conclusive between the parties and their privies.

Where a mortgage of real estate was given to secure the fulfilment of a bond of defeasance, conditioned for the support and maintenance of the mortgagee, and the mortgager's assignee in possession paid and satisfied, within the time limited therein, a conditional judgment rendered upon such mortgage: — *Held,*

1. That the bond and mortgage were thereby completely satisfied;
2. That no action could thereafterwards be maintained upon either;
3. That such payment was equivalent to a redemption;
4. That the legal title thereby became vested in such mortgager's assignee, leaving no equitable rights to be adjusted between the parties; and,
5. That he could maintain a writ of entry against the assignee of the mortgagee in possession.

On Report.
Writ of Entry.

The plaintiffs claimed title as heirs at law of William Sibley, deceased. The record title stood as follows:—

March, 1843, R. P. Ryder conveyed the premises in mort-

gage, to Jonathrn Ryder, to secure a bond for the mainten-ance of the latter and his wife during their natural lives.

April, 1846, Isaac Mitchell made a levy upon R. P. Ry-der's interest, and took possession under his levy.

April, 1846, Jabez Hutchins received a quitclaim deed of Jonathan Rider's interest in the real estate and bond, through Jonathan Ryder, Jr., to whom Jonathan Ryder had convey-ed the same, March 20, 1845.

August, 1847, Jabez Hutchins brought a writ of entry against said Isaac Mitchell, then in possession under his levy, and recovered a conditional judgment, as of mortgage, (the damage in said judgment being for the breach of the bond) which was duly satisfied by the said Mitchell within two months, and while he was in possession. May, 1850, Isaac Mitchell conveyed in mortgage his title to William Sibley, which mortgage was duly foreclosed, July, 1855.

The defendant derived his title from Jonathan Ryder, through Jabez Hutchins, and their grantees.

The return of the levy, *Mitchell* v. *Ryder*, shows that the officer selected an appraiser for the debtor, alleging that the debtor did not reside in the county, without alleging whether or not he had an attorney within the county.

After the evidence was all in, the case was withdrawn from the jury and reported to the full Court, who were to render such judgment as the law and evidence required.

*Libbey & Snow*, for the plaintiff.

*E. F. Pillsbury*, for the defendant.

The levy was invalid. *Lumbert* v. *Hill*, 41 Maine, 475.

If Mitchell acquired any title by the levy, it was but an equitable interest, and not sufficient to sustain a writ of en-try. The remedy, if any, is in equity. *Eastman* v. *Fletch-er*, 45 Maine, 302 ; *Wilson* v. *Ring*, 40 Maine, 116 ; *Hill* v. *Moore*, 40 Maine, 515.

The assignment of the bond to Hutchins was in trust to enable him to prosecute the suit against Mitchell for Rider's

benefit. It did not operate as a discharge of the bond or mortgage.

DICKERSON, J. — Writ of entry. Both parties claim title under R. P. Rider; the plaintiffs, as heirs of William Sibley, deceased, under a levy in favor of Isaac Mitchell, of April 17, 1846, and a mortgage, Mitchell to the said William Sibley, dated May 10, 1850, and duly foreclosed July 30, 1855; and the defendants, under mortgage, R. P. Rider to Jonathan Rider, dated March 29, 1843, and transferred to them through several intermediate conveyances, including one from Jabez Hutchins.

The first mortgage, R. P. Rider to Jonathan Rider, was given to secure the fulfilment of a bond of the same date, R. P. Rider to said Jonathan, conditioned to support the latter and his wife during their natural lives.

In 1846, Jabez Hutchins received a quitclaim deed of Jonathan Rider's interest in the premises, and an assignment of the bond from him. In August, 1847, Hutchins brought a writ of entry against one Isaac Mitchell, then in possession under a levy made April 17, 1846, and duly recorded, on an execution in his favor against R. P. Rider. A conditional judgment, as of mortgage, was rendered for the demandant in that action, which was duly satisfied by the tenant while in possession.

The plaintiffs have acquired whatever rights Mitchell had by virtue of his levy, and satisfaction of the conditional judgment rendered against him; and the defendants have succeeded to the rights of Hutchins.

The effect of the judgment in that suit, and of the satisfaction thereof, are thus brought directly in question. The right of the defendant to a conditional judgment depended solely upon the validity of his levy. If there had been no levy, or if the levy had been invalid, the judgment would have been absolute. This is apparent from the record. The validity of the levy having been once tried, and determined by a Court of competent jurisdiction, the judgment thereon

is conclusive between the parties until it has been reversed. *Walker* v. *Chase*, 53 Maine, 258.

The condition in the mortgage being one of defeasance only, and not one for the performance of covenants and agreements, there can be but one action for the recovery of damages brought on the mortgage. It is not like the case of a mortgage given to secure the payment of certain sums of money by instalments, where an action lies, and a conditional judgment may be rendered for each and every breach of the conditions of the mortgage. The cause of action is entire and indivisible ; there is no severance of the damages resulting from a breach of the respective stipulations in the general conditions of the bond ; a single breach is a breach of the whole, then and thereafter, and a single recovery is a bar against all subsequent actions for damages. The true measure of damages is a present equivalent for full performance, but, if the parties submit without exceptions to a less sum, the judgment will nevertheless be conclusive. *Philbrook* v. *Burgess*, 52 Maine, 271.

When Jabez Hutchins held both the bond and the mortgage, he brought an action against the plaintiff's grantor, Mitchell, for possession, recovered a conditional judgment against him, and damages for a breach of the conditions of the bond named in the mortgage. This conditional judgment was duly satisfied, while Mitchell remained in possession. This was a complete satisfaction of the bond and mortgage, and no action could thereafterwards be maintained on either. These proceedings, unreversed, were equivalent to a redemption of the mortgage, and divested Hutchins of all right and authority to convey the demanded premises to the defendant's grantor, and vested the legal title in Mitchell, the plaintiff's grantor. There were no equitable rights or interests remaining to be adjusted between the parties ; the levy, conditional judgment, and satisfaction, settled these and remitted the assignee of the mortgager to his legal title. The mortgagee had no longer any right to take possession,

and any such entry made by him or his grantee would be treated as the entry of a stranger without right.

Can the grantee of a mortgagee under a quitclaim deed, given after these proceedings, enter upon the premises, and keep the grantee of the mortgager out of possession until he brings a bill in equity against him? This is not the case of a mortgagee entering for conditions broken, and refusing to relinquish possession, after payment of the mortgage debt by the mortgager. In such case the process is by bill in equity, as the mortgager might be liable to the mortgagee for repairs made, while in possession, and the mortgagee might be liable to the mortgager for rents; and the right to demand these, depending upon statute or the rules of equity, can only be enforced under equity process. But this is a case where the mortgage debt was paid in accordance with a judgment of Court before the mortgagee had ever been in possession. A mortgagee, or his grantee, who should enter into possession under such circumstances, would have no claim for disbursements on account of repairs, nor could the mortgager claim rents under a mortgage which was *functus officio* when the mortgagee went into possession. There is, therefore, no call for the exercise of equity powers, and the only judgment a court of equity could render would be the same as that of a court at law. It is contrary to the principles of equity jurisprudence to make a court of equity perform the office of a court of common law. The rule for the interposition of equity ceases with the reason for it.

Our conclusion, therefore is, that the satisfaction of the conditional judgment before the mortgagee went into possession, was a discharge of the mortgage, and that the legal title of the estate is vested in the plaintiffs so as to authorize them to maintain a writ of entry.

*Judgment for plaintiffs.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and TAPLEY, JJ., concurred.