## KIMBERLIN ET AL. *v.* CARTER.

PLEADING.—*Departure.*—A departure in pleading is when a party quits or departs from the case or defence which he has first made and has recourse to another.

SAME.—Where to a complaint upon a promissory note an answer is filed setting up a failure of consideration, a reply that there had been differences in reference to the consideration, but that they had been compromised and settled, by the defendant agreeing to pay, and the plaintiff to receive, a certain sum, less than the face of the note, is not a departure.

NEW TRIAL.—*Motion.*—*Insufficient Complaint.*—A defect in the facts of a complaint does not constitute a reason for a new trial.

From the Marion Superior Court.

*J. Hanna* and *F. Knefler,* for appellants.

*L. Ritter, C. B. Walker,* and *E. F. Ritter,* for appellee.

BUSKIRK, C. J.—The first and principal error complained of is the overruling of appellants' demurrer to the second paragraph of appellee's reply. This was an action to foreclose a chattel mortgage executed to secure the payment of two promissory notes for three hundred dollars each, executed by appellants, and payable to appellee. The third and fourth paragraph of appellants' answer averred the existence of a

state of facts showing a failure or want of consideration for the notes sued on. The second paragraph of the reply was as follows:

" For further reply, said plaintiff says that on the 29th day of April, 1872, all the matters of controversy between said parties, plaintiff and defendants, as set out in the third and fourth paragraphs of said answer, were fully settled to the satisfaction of all said parties, as shown by an agreement in writing, a copy of which is herewith filed; wherefore," etc.

The agreement was as follows:

" This indenture witnesseth, that whereas, on the 13th day of March, 1871, E. B. Carter, of Marion county, of the State of Indiana, sold to James H. Kimberlin and Henry Speece, of said county, his tile machine, shedding, etc., the consideration of which is shown in two promissory notes of the above date, one due on the 25th of December, 1871, and the other due on the 31st of May, 1872; and whereas a difference exists between said parties in reference to said contract, it is agreed that, as a compromise, said Carter will take seventy-five dollars for the first note and the the interest accrued thereon, said Kimberlin and Speece agreeing to pay twenty per cent. interest per annum on the second note until paid. This agreement is not to make an extension of time on said notes.

" Witness our hands and seals, this 29th day of April, 1872.

" E. B. CARTER, [Seal.]
" J. H. KIMBERLIN, [Seal.]
" WM. H. SPEECE, [Seal.]"

The appellants demurred to the reply, upon the grounds that it did not contain facts sufficient to constitute a defence to the answer, and because it was a departure from the complaint; but the demurrer was overruled, and the appellants excepted.

It is claimed by counsel for appellants that the second paragraph of the reply is a departure from the complaint.

A departure in pleading is when a party quits or departs from the case or defence which he has first made, and has recourse to another.

In Moak's Van Santvoord's Pleadings, 719, it is said:

Kimberlin *et al. v.* Carter.

" Under the code, as under the old practice, the plaintiff is not permitted to quit or depart from the case made by him in his complaint. The reply may allege new matter ' not inconsistent with the complaint.' It is to be observed, however, that matter which maintains and fortifies the declaration was not a departure; nor would such matter be ' inconsistent,' under the code."

The complaint sought a recovery upon certain notes. The third and fourth paragraphs of the answer set up as a defence to the action that the consideration of the notes had failed. To this the appellee replied, by way of estoppel, that there had been differences in reference to the consideration of the note, but that such differences had been compromised and settled, whereby the appellants had agreed to pay and the appellee to receive seventy-five dollars on the first note and the interest accrued thereon, and to pay the whole of the second note with twenty per cent. interest thereon until paid. These averments maintained and supported the complaint, for they showed a right of recovery on both notes, though for a diminished amount. The recovery was had upon the notes. The agreement fixed the amount of the recovery, and it having been made subsequent to the execution of the notes, and having settled and compromised the matters set up in the third paragraph of the answer, it estopped the appellants from relying upon such defence. It is very obvious that the reply was not a departure. The agreement did not give the right of action, but regulated and determined the measure of damages. It simply showed that the appellants were entitled to a credit upon the first note. *Shirts* v. *Irons,* 47 Ind. 445; *Sparks* v. *Clapper,* 30 Ind. 204. The court committed no error in overruling the demurrer to the second paragraph of the reply.

It is insisted in argument that the complaint is defective for not averring that the notes were due. See *Green* v. *Louthain, post,* p. 139. There was no demurrer to the complaint in the court below, nor was it assigned for error in the general term that the complaint did not contain facts sufficient to constitute

a cause of action.   A defect in the facts of a complaint does not constitute a reason for a new trial.

It is claimed that a new trial should have been granted because the court excluded evidence of the matters set up in the third paragraph of the answer.   There was no error in this.   The court, by overruling a demurrer to the second paragraph of the reply, in effect, held that appellants were estopped by their agreement to rely upon such defence.   Such ruling being correct, the court was bound to exclude proof of the matters that the appellants were estopped from relying upon.

There is no error in the record.

The judgment is affirmed, with costs.