The Ætna Life Insurance Comnany v. Nexsen.

---

No. 8867.

THE ÆTNA LIFE INSURANCE COMPANY v. NEXSEN.

CONTRACT.—*Principal and Agent.—Master and Servant.—Discharge.—Demands.—Services.—Damages.*—An agent who is wrongfully dismissed from service may maintain an action for a breach of the contract, against his principal or employer, and is not bound to wait until wages or compensation would have accrued had the contract not been broken. He can not split his demand into parts, but must combine in one action his claim for services and for damages resulting from the breach of the. contract, although they are prospective in their character.

SAME.—*Insurance Agent.—Measure of Damages.—Commissions.—Renewals.*— In a suit by an agent against an insurance company for damages resulting from his wrongful discharge during the existence of the contract, his recovery is not restricted merely to commissions on premiums collected prior to his dismissal, but may include the probable value of the renewals on policies obtained by him, upon which future premiums would, in the ordinary course of business, be received by the insurance company, but merely speculative or conjectural damages can not be recovered.

SAME.—*Damages.—Ascertainment of.—Actuary's Tables.*—Where, in such suit, the amount of compensation due the agent upon renewals of policies can be ascertained by the use of life or actuary's tables, it is not too remote to be recoverable.

SAME.—*Evidence.—Witnesses.—Experts.*—In such action, witnesses shown to be skilled in matters of insurance and familiar with the value of renewals of policies of life insurance, are competent to prove the value of the agent's contract.

SAME.—*Right to Compensation.*—Although a principal may have the right to dismiss his agent at any time without cause, the exercise of that right does not deprive the agent of the compensation previously earned.

| 84 | 347 |
|-----|-----|
| 126 | 176 |
| 84 | 347 |
| 132 | 72 |
| 84 | 347 |
| 136 | 677 |
| 84 | 347 |
| 152 | 643 |

The Ætna Life Insurance Company v. Nexsen.

SAME.—*Construction by Parties.*—Courts will enforce a contemporaneous construction of a contract adopted by the parties.

PLEADING.—*Practice.*—*Demurrer.*—A complaint which avers facts entitling the plaintiff to some relief, though not to all the relief prayed, is sufficient to repel a demurrer thereto for want of facts.

SAME.—*Reply.*—*Departure.*—A reply which fortifies the complaint, or which does not quit the original cause of action, but avoids the answer thereto, is not a departure.

INSTRUCTIONS.—Instructions to the jury must not only assert correct propositions of law, but must be so framed as to be applicable to the particular case made by the evidence.

SAME.—*Supreme Court.*—*New Trial.*—To present a question in the Supreme Court upon a ruling refusing an instruction, the ruling must have been assigned as one of the grounds for a new trial.

From the Superior Court of Vanderburgh County.

*E. C. Devore, G. W. Dannettell, C. Buchanan, H. C. Gooding* and *J. S. Buchanan,* for appellant.

*A. Gilchrist* and *C. H. Butterfield,* for appellee.

ELLIOTT, C. J.—The complaint of the appellee alleges that in May, 1860, he was appointed appellant's agent at Evansville ; that, by the terms of the contract, he was to solicit insurance ; that he was to receive, as compensation for his services, fifteen per cent. on the first premium paid by the person insured, and five per cent. on each renewal premium ; that this agreement was an oral one until April 21st, 1874, when it was reduced to writing, but no change was made in the terms of the agreement, except that the compensation was increased ; that it was also provided in the contract that the contract was to continue so long as the appellee properly discharged his duties ; that he secured a great number of policies ; that there was due him for renewal premiums theretofore collected one hundred and twenty-five dollars ; that he was dismissed without cause, and in violation of the terms of his contract ; that at the time of his dismissal there were policies outstanding, which had been secured by him under the contract, upon which the annual premiums paid to appellant are $8,000 per annum ; that the commission thereon is $400

per annum, and that if appellee had not been wrongfully dismissed he would have been entitled to receive that sum from the appellant.

It is objected that the complaint is bad because the damages claimed are too vague, remote and conjectural to be recoverable. The complaint is certainly good as to the sum of $125, the amount of the commissions upon premiums collected prior to the dismissal, and this would make the complaint strong enough to repel the demurrer ; for, if a complaint entitles the plaintiff to some relief, it will be upheld, although it may not entitle him to all the relief prayed. *Bayless* v. *Glenn*, 72 Ind. 5.

An agent who is wrongfully dismissed from service may maintain an action for a breach of contract. He may sue at once, and is not bound to wait until wages or compensation would have accrued had the contract not been broken. Indeed, the law is that he can not split his demand into parts, but must combine in one action claims for past services and for damages resulting from the breach of the contract, although they are prospective in their character. *Richardson* v. *Eagle Machine Works*, 78 Ind. 422 (41 Am. R. 584). In *Ensworth* v. *New York L. Ins. Co.*, 1 Bigelow Ins. Cases, 645, and *Lewis* v. *Atlas M. L. Ins. Co.*, 61 Mo. 534, the principle is applied to cases very like the present.

It may be true, as appellant asserts, that it had a right to dismiss the appellee at any time, and yet a right of action still exist. It would exist, beyond all question, for the commission upon the premiums collected prior to the dismissal, and, in our opinion, is not restricted to such commissions. The services of the agent in securing policies, upon which future premiums would in the ordinary course of business be received by the appellant, were of value, and that value should be paid to the agent. The service rendered by the agent gave him some claim for compensation, although the payment of the premiums would not be made until some

time in the future. If the employment had continued, the contract would have supplied the measure of compensation, but the termination of the employment did not cut off all right to compensation. What the measure of damages shall be is a question not to be determined upon the complaint. We are clear that the complaint shows a right to recover commissions upon the premiums collected prior to dismissal, and also to special damages of a prospective character.

The fourth paragraph of the answer alleges that the appellee, in violation of the terms of his contract, failed to account for and pay over money as soon as he collected it, and that at the time of his dismissal he had in his hands $119.92 of appellant's money. The appellee replied that he had been directed to make and transmit a monthly report to the general agent of the company and to retain the money collected until a draft was drawn upon him by the general agent; that the money in his hands had been reported and was held subject to draft, and that he was ready and willing to pay over the money whenever drawn upon. It was further alleged that the practice was a uniform one and had existed since the commencement of the agency.

The reply is good. It shows a contemporaneous construction of the contract by the parties. It is proper to show how contracting parties have themselves construed a contract by their acts, and courts will enforce the construction adopted by them. *Reissner* v. *Oxley*, 80 Ind. 580; *Johnson* v. *Gibson*, 78 Ind. 282; *Phœnix M. L. Ins. Co.* v. *Hinesley*, 75 Ind. 1. If appellee pursued the course directed by the appellant, and the practice was uniform and continuous, he certainly was guilty of no wrong justifying a dismissal.

The reply is not a departure. A replication which fortifies the complaint, or which does not quit the original cause of action, but avoids an answer, is not bad for departure. The appellee alleged that he was dismissed without cause; the appellant answered that there was cause and set it forth, and

the reply shows that the allegations of the answer do not constitute a defence.    The reply does not depart from the cause of action declared on.    *Kimberlin* v. *Carter*, 49 Ind. 111.

Witnesses, shown to be skilled in matters of insurance, and to be familiar with the values of renewals of policies, were allowed to state the value of the appellee's contract.    We think the evidence was competent.    Non-expert witnesses may give opinions upon matters of value.    *Bowen* v. *Bowen*, 74 Ind. 470; *Johnson* v. *Thompson*, 72 Ind. 167 (37 Am. R. 152).    It is certainly competent for skilled witnesses to give opinions upon matters of value in cases where the thing to be estimated has a peculiar value, and where, as in this case, the value can only be known to persons skilled in a particular business or profession.    In the present case, no one who had not a knowledge of the probabilities of human life, and of the average number of renewals in a stated number of policies, could form or express an intelligent opinion of the value of the appellee's contract at the time of the breach.

It may be that the questions as asked were too broad in that they might have allowed room for speculation as to what future business the appellee would probably have secured; but the court instructed the jury, that "Some evidence has been or may have been given touching the value of the contract in respect to policies of insurance which the plaintiff might have obtained subsequent to the time of his removal, and in respect to the commissions which he might have received under his contract from premiums on such policies. I direct you not to consider any such policies, or the interest of the plaintiff in such prospective policies.    You will consider only the plaintiff's interest in such policies as were actually in force at the time the plaintiff was removed from the agency in case he was wrongfully removed."    And this, we think, prevented any improper effect from being ascribed to the evidence elicited by the questions.

We find, upon examining the evidence, that the grounds

upon which the opinions of the experts were based were fully stated to the jury, and that the opinions really rested upon calculations of the value of policies actually secured before the dismissal.   We find, too, from an examination of the answers to interrogatories returned by the jury, that their estimate of damages was based exclusively upon the commissions due for premiums collected and upon policies actually procured and in force before and at the time of the dismissal of the appellee. The record affirmatively shows that no harm resulted to appellant for the reasons that the court in its instructions carefully and clearly limited the jury to the consideration of competent evidence, and the jury obeyed the instructions given them.

There was no error in refusing the first instruction asked by the appellant.   If it were true, as asserted, that the appellant might discharge the appellee at any time without cause, it could not, by exercising that right, deprive him of compensation previously earned.   Although a principal may have a right to dismiss his agent, the dismissal can not operate to deprive the agent of what is due him for past services.   The appellee was undoubtedly entitled to compensation upon premiums collected before his discharge.   Whether, if rightfully dismissed, he was entitled to commission upon renewal premiums is a question we need not, and do not, decide; but, whether entitled to such renewal premiums or not, the instruction was entirely too broad, for it would, if given, have conveyed the impression that the right to discharge precluded any recovery.   The instruction asked was likely to mislead the jury, even if the right to dismiss be conceded, and such instructions should not be given.   Thompson Charging the Jury, sec. 91.   Instructions must not only assert propositions of law correctly, but they must be so framed as to be applicable to the particular case made by the evidence. *Bissot* v. *State*, 53 Ind. 408.

The refusal of the court to give the sixth instruction asked by appellant is not assigned as a cause for a new trial, and,

consequently, no question is presented for our consideration. It is a familiar rule of practice that a party who desires to present a question upon a ruling refusing an instruction must assign the ruling as one of the grounds for a new trial.

It is claimed that the court erred in denying appellant's motion for a judgment upon the answers to interrogatories returned by the jury. We copy such of the interrogatories and answers as are necessary to a full apprehension of the questions presented:

"Is not the claim of plaintiff for damages in this action based upon the following conditions and contingencies, viz.: 1st. That the plaintiff will live and be able to perform the necessary labor of collecting renewal premiums and remitting the money for the same to the defendant? Answer. Yes. 2d. That the policy-holders will live? Answer. Yes. 3d. That the policy-holders will continue to pay their renewal premiums? Answer. Yes. 4th. Are not the damages sought to be recovered dependent upon the above conditions and contingencies? Answer. Yes. 5th. Are not the damages speculative, uncertain and conjectural? Answer. No. 6th. How many policies obtained by the plaintiff were in force on the 21st day of April, 1874? Answer. 146. 7th. How many new policies were obtained by plaintiff from April 21st, 1874, to May 1st, 1879? Answer. Four. 8th. How many policies obtained by plaintiff were in force on the 1st day of May, 1879? Answer. 88. 9th. Does not the value of plaintiff's contract depend upon the value of the renewal premiums? Answer. Yes."

It is argued that these answers show that the damages are prospective, speculative and conjectural, and are not recoverable.

There are many cases closely analogous to the present, sustaining a right to prospective damages of a character not more speculative or conjectural than those here claimed. In

the familiar class of cases where recovery is sought for personal injuries, damages are estimated upon the capacity of the injured person to earn money, the probable continuance of that capacity and the duration of life. *City of Indianapolis* v. *Gaston*, 58 Ind. 224; *Pennsylvania Co.* v. *Lilly*, 73 Ind. 252. In estimating the value of a dower interest, and of a wife's inchoate right, the probable duration of human life is taken into account; and, for the purpose of ascertaining that probability, resort may be had to life tables, or to the testimony of expert witnesses. *Martin* v. *Merritt*, 57 Ind. 34 (26 Am. R. 45); *Sauter* v. *N. Y., etc., R. R. Co.,* 66 N. Y. 50; *Schell* v. *Plumb*, 55 N. Y. 592; *McHenry* v. *Yokum*, 27 Ill. 160. So, where the value of an annuity is in issue, probabilities of a like nature are to be considered, and testimony of expert witnesses is admissible to prove the probable duration of life. *Rowley* v. *London, etc., R. W. Co.,* L. R., 8 Exch. 221; S. C., 6 Moak Eng. R. 293. Where an infant child is killed, the probabilities of his living, and of his capacity to serve the parents, are to be taken into account in estimating damages. *Houston, etc., R. R. Co.* v. *Miller*, 49 Tex. 322; *Oakland R. W. Co.* v. *Fielding*, 48 Pa. St. 320. So, where the promise is to support the plaintiff for life, he may recover damages for a breach, and in computing the amount of recovery it is proper to consider the probable duration of life. *Fales* v. *Hemenway*, 64 Maine, 373; *Sibley* v. *Rider*, 54 Me. 463. But we need not further examine analogous cases, for there are several well considered cases directly in point. In *Hercules Mutual Life Assurance Society* v. *Brinker*, 77 N. Y. 435, it was held, upon a contract very like that here under examination, that damages were recoverable as for an entire breach, and that the commissions upon future renewals should be taken into account. The court declared that, "in the absence of all evidence, the presumption is in favor of the existence rather than the lapse or cancellation of a policy." In *Lewis* v. *Atlas M. L. Ins. Co.,* 61 Mo. 534, a contract remarkably simi-

lar to the one under mention was before the court, and it was held that the agent had an interest in the renewal premiums, and that it should be considered in estimating damages. It was said : " By the use of statistical tables and comparisons, a remarkable degree of accuracy is obtained, and where a connection ceases between an agent and the company, it is the only mode of ascertaining or adjusting the agent's interest. The calculation by the actuary has been reduced to scientific principles, and it must be resorted to, else there would be a failure of justice on one hand, or on the other, the damages would be purely speculative." In *Ensworth* v. *New York, etc., Ins. Co., supra,* the same question came before the court, and it was held that the probable duration of the policies might be proved, and that the agent was entitled to recover the full value of the stipulated commissions.

It is no doubt true that merely prospective profits can not, as a general rule, be recovered, but the appellee does not claim prospective profits ; he claims the value of services already rendered, and from which the appellant has derived a present benefit, and from which it is probable future benefits will also be derived. *Niagara Fire Ins. Co.* v. *Greene,* 77 Ind. 590.

It is also true that merely speculative or conjectural damages can not be recovered, but appellee's damages are not merely speculative. He had secured policies upon which there is a very strong probability that renewal premiums will be paid. The act which secured the policies has been performed and the policies are in existence. The basis of the right to damages exists ; it is not to be built in the future. The only question for the future to solve is, how many policy-holders will renew and pay premiums? or how many policies will lapse? This probability, like all others of an analogous character, is to be determined upon evidence. Certainty is not attainable, but this may be said of all kindred questions. Because absolute certainty is not attainable is no reason for

rejecting all claims to recovery. If certainty were to be taken as the criterion, there would be few cases indeed where there could be any recovery at all.

Judgment affirmed.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.