Filed Nov. 24, 1890.

---

No. 14,555.

INGLE v. NORRINGTON.

ACCOUNT.—*Statement of.—Acquiescence in.—Presumption as to Correctness.*— If a statement of account is delivered to one of the parties to a transaction, and he makes no objection to it within a reasonable time, the presumption is that he regarded it as correct in every respect.

CONTRACT.—*Construction of by Parties to.—Enforcement of.*—Where parties have, by their acts, given a construction to a contract entered into by them, the courts will adopt and enforce that construction.

From the Pike Circuit Court.

*J. W. Wilson* and *E. A. Ely,* for appellant.

ELLIOTT, J.—The appellee alleges. in his complaint that the appellant hired him to pump the water from a coal mine of which the appellant was the owner, and that he entered upon the work; that he furnished and used a steam engine and appliances for the work he was employed to do; that the appellant agreed to pay him for such work and for the use of the engine and appliances seventy-five dollars per month; that he did the work contracted for and did use his engine and appliances in such work for a period of twelve ·months and eighteen days, and that the appellant, although often requested, has failed and refused to pay him for his work and services. The bill of particulars filed, charges each night and. each day as separate periods of time, and claims compensation upon the theory that they were so under the contract.

It is, of course, incumbent upon the plaintiff to prove the cause of action upon which he declares, for he can recover upon no other. As the plaintiff in this case declares upon an express contract he must fail unless there is evidence fairly proving that there was such a contract.

There is evidence conclusively establishing the contract and the performance of work under it by the plaintiff, so that there can be no question as to his right to recover some compensation under the contract. The only question is as to the amount he is entitled to recover. The appellant insists that under the contract the appellee was required to keep the water out of the mine for the stipulated compensation, although it required him to work both night and day. The evidence as to whether the agreement was to pump both night and day for seventy-five dollars per month, or whether nights were to be counted as days, so that one month should be considered as equal to two months, as months are ordinarily reckoned, is conflicting. After a careful study of the evidence (which we have been compelled to make unaided by a brief from the appellee), we have concluded that there is evidence sustaining the finding of the trial court. There

is testimony, not however of a very clear and satisfactory character, tending to prove express promises of the appellant to pay for night work as additional services, but this testimony is so unsatisfactory that if it stood alone we might, perhaps, be compelled to overthrow the judgment, upon the ground that excessive damages were assessed.    There are, however, circumstances which strongly tend to support the appellee's theory.    Perhaps the most important one of these circumstances is that the appellee delivered, from time to time, statements of account to the appellant in which he claimed compensation upon the theory we have outlined, and these statements were passed unchallenged.    It is a rule of law that if the statement of an account is delivered to one of the parties to a transaction and he makes no objection to it within a reasonable time, the presumption is that he regarded it as correct in every respect. *Case* v. *Hotchkiss*, 3 Keyes (N. Y.), 334; *McIntyre* v. *Warren*, 3 Keyes (N. Y.), 185. In such a case as this there is strong reason for applying this rule, for it would be unjust to permit the plaintiff to continue with the work under the belief that he was entitled to compensation upon the basis asserted in his statements, and after work of considerable value had been done, and after he had worked for a long period of time, allow the defendant to put his own construction upon the contract, although that construction is opposed to that evidenced by his own conduct.

There is another principle of influential importance here, and that is this : Where parties have by their acts given a construction to a contract entered into by them the courts will adopt and enforce that construction.    *Vinton* v. *Baldwin*, 95 Ind. 433 ; *Ætna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347, and cases cited ; *Reissner* v. *Oxley*, 80 Ind. 580 ; *Johnson* v. *Gibson*, 78 Ind. 282, and authorities cited.    The conduct of the parties warranted the inference that they had by their conduct construed the contract in accordance with the appellee's theory, and this justifies the finding of the trial

court.   *Indianapolis, etc., R. R. Co.* v. *Collingwood,* 71 **Ind.**
476.
   Judgment affirmed.
   Filed Nov. 24, 1890,