## NOBLE *v.* SHERMAN.

[No. 18,501.   Filed December 15, 1898.]

PRIVATE ROADS.—*Obstruction.*—In an action to enjoin defendant from obstructing a private way over defendant's land obtained by plaintiff under an oral contract, an allegation "that plaintiff entered into an agreement with defendant by the terms of which he granted to her a perpetual roadway, for considerations paid and value parted with, said consideration being the use of, and the right in certain lands of the plaintiff by the defendant as a roadway," etc., is sufficient to show that plaintiff performed her part of the agreement.

From the Carroll Circuit Court.   *Affirmed.*

*E. E. Pruitt* and *L. D. Boyd,* for appellant.

*J. A. Sims* and *A. W. Reynolds,* for appellee.

MONKS, J.—This action was brought by appellee to enjoin appellant from obstructing a private way running from appellee's real estate over appellant's real estate to a public highway. The complaint was in two paragraphs, and appellant's demurrer to each paragraph thereof was sustained to the first and overruled to the second paragraph. The cause was tried by the court, and a finding made in favor of appellee, and, over a motion in arrest, judgment was rendered perpetually enjoining appellant from obstructing said private way. The errors assigned call in question the sufficiency of the second paragraph of the complaint. The allegations of said second paragraph clearly show that, while the contract under which appellee entered into possession of said private

way over appellant's land, was oral, under the doctrine declared in *Joseph* v. *Wild*, 146 Ind. 249, 253, 254, and the cases there cited, such license was, on account of the work and labor performed on the faith thereof, irrevocable. See, also, *Rerick* v. *Kern*, 14 Serg. & R. 241, 16 Am. Dec. 497, and note, pp. 501-506.

It is insisted, however, by appellant that said paragraph was not sufficient, because it shows that appellee obtained said right of way under an oral contract, and it is not averred that she performed her part thereof. As appellee is not seeking to enforce the performance of any contract or to recover damages for the breach thereof, but to protect her title to and right to use said way, which right is vested in her under a license which is irrevocable, it would seem that she would not be required to allege that she had paid the consideration or fully complied with her part of the contract, any more than she would be if the way had been conveyed to her by deed, and she had not paid the consideration therefor. In such case, her rights would not depend upon her payment of the consideration, whether the same was to be paid in money, real estate or labor. But if it is necessary in such a case as this to allege that plaintiff had paid the consideration or otherwise performed her part of the contract,—which we need not and do not decide,— we think such fact is fully shown in said paragraph. It is alleged in the second paragraph "that, in the spring of 1894 she entered into an agreement with the defendant, by the terms of which he granted to her a perpetual roadway (for considerations paid and value parted with, said consideration being the use of, and the right in, certain lands of the plaintiff by the defendant as a roadway running east one-half mile to a public highway; also to grade, grub, and make said highway suitable for travel) or easement of fourteen

feet in width and one-half mile in length on his land, commencing at the center of said township two (2), and runnning thence due west, immediately on the south side of the half-section line, until it intersects a public highway running on the west line of said section two (2)." If the "considerations" appellee was to pay and the value she was to part with for the right of way given her by appellant were paid, and the value parted with by her, as alleged, then she has fully complied with her part of said contract to give appellant the use of her land, running east one-half mile to a public highway, as a roadway, and to grade, grub, and make said roadway suitable for travel. Unless she has done this, she has not paid the consideration and parted with the value as alleged. Said paragraph of complaint is not, therefore, open to the objection urged by appellant, and his demurrer and motion in arrest were properly overruled. Judgment affirmed.