Roush v. Roush.

---

ROUSH ET AL. *v.* ROUSH.

[No. 18,723. Filed Jan. 10, 1900. Rehearing denied May 9, 1900.]

EASEMENTS.—*Quieting Title.*—*Complaint.*—A complaint in an action to quiet title to an easement in a way adjoining plaintiff's premises, and to remove an obstruction placed there by defendants, which shows that plaintiff was entitled to use the way is good as against a demurrer. *pp. 564, 565.*

Roush *v.* Roush.

VERDICT.—*Easements.*—*Quieting Title.*—A verdict in an action to quiet title to an easement in a way, and to remove obstructions placed there by defendants, that the jury find for the plaintiff, that said obstruction should be removed and plaintiff's easement in the alley quieted, and that they find against defendants on their cross-complaint, is a general verdict, determining all of the material issues in favor of plaintiff. *pp. 565, 566.*

INTERROGATORIES TO JURY.—*General Verdict.*—*Conflict.*—Answers to interrogatories cannot be aided by any presumptions or intendments as against a general verdict. *p. 566.*

SAME. — *General Verdict.*—*Easements.*—*Quieting Title.*—An answer to an interrogatory in an action to quiet title to an easement in a way and to remove an obstruction placed there by defendants that the parties under whom plaintiff claimed title had conveyed the right of way over the same strip of ground to a third party is not in irreconcilable conflict with a general verdict for plaintiff. *p. 566.*

CONTRACTS.—*Construction by Parties.*—Where parties have by their acts and conduct given their contract a certain construction, the courts will, ordinarily, adopt that construction. *pp. 569, 570.*

EASEMENTS.—*License.*—Where the owners of real estate abutting an alley erected buildings and made improvements on the real estate with reference to the alley, with the knowledge of each other, they cannot be deprived of the use thereof although they had merely a license to use the way. *p. 570.*

EVIDENCE.—*Quieting Title.*—*Easements.*—In an action to quiet title to an easement in a way alleged to have been located by deeds, evidence as to the number of years the way had been used, as such, was properly admitted for the purpose of showing the construction given the deeds by the parties and those holding under them, although it was not alleged that plaintiff had title to the way by prescription. *pp. 571, 572.*

TRIAL.—*Admission of Evidence.*—It is within the discretion of the court to admit original testimony after the evidence and argument have been closed, and a cause will not be reversed for that reason unless it clearly appears that such discretion was abused. *p. 572.*

MISCONDUCT OF COUNSEL.—*Instructions.*—The refusal of the court specifically to instruct the jury to disregard a remark made by counsel was not error, where the jury were instructed generally not to pay any attention to side remarks in the case. *pp. 572, 573.*

INSTRUCTIONS.—*Harmless Error.*—Available error cannot be predicated upon the action of the court in giving or refusing to give instructions where the answers to interrogatories show that the complaining party was not injured thereby. *p. 573.*

From the Huntington Circuit Court. *Affirmed.*

*J. B. Kenner, U. S. Lesh* and *B. M. Cobb,* for appellants.
*James C. Branyan* and *John S. Branyan,* for appellee.

MONKS, J.—Appellee brought this action to quiet her title to an easement in a way ten feet wide on the north side of her real estate, and to remove an obstruction placed there by appellants. Appellants' demurrer to the complaint was overruled. Appellants filed a cross-complaint alleging that they and their grantors had been in quiet, peaceable, exclusive, and uninterrupted possession of the real estate in dispute for more than twenty years before the commencement of the action, and asking that their title thereto be quieted. The case was put at issue, and a trial thereof by the court resulted in a finding and judgment in favor of appellee. Appellants obtained a new trial as of right, and the cause was tried by a jury, and a general verdict returned in favor of appellee. Answers to interrogatories submitted by the court were also returned with the general verdict. Over a motion by appellants for a judgment on the interrogatories, notwithstanding the general verdict, and a motion for a new trial, judgment was rendered on the verdict in favor of appellee.

The assignment of errors calls in question the action of the court in overruling the demurrer to the complaint, appellants' motion for a judgment on the answers to the interrogatories, notwithstanding the general verdict, and appellants' motion for a new trial.

It is alleged in the complaint, among other things, "that appellee and her husband, under whom she holds title, have owned certain real estate [describing it] for more than twenty-seven years, and for more than twenty-five years there has been an alley, ten feet wide, along the north side thereof, between the lands of appellee and the lands owned by appellants, dedicated by deed; that said alley has been open and used by appellee and appellants for more than twenty-five years, and a fence run along each side thereof,

and buildings have been erected, and improvements made with reference to where it is now and has been for twenty-five years, and the same has been used by the owners of said lands as an appurtenant way during said time, and by others for egress and ingress, and is necessary to the enjoyment and use of their said properties, and was there located by deed of the parties under whom appellants claim title for more than twenty-five years last past, and was so of record when appellant, Matilda Roush, purchased the land which she has on the north side of said alley; and that said alley was there located, opened, and used when she and her husband entered into the possession thereof, as they well knew." Said allegations show that appellee, as the owner of real estate abutting on said way, was entitled to the use of the same, and therefore entitled to have the obstruction placed there by appellants removed. If appellants desired said allegations made more specific and certain in any way, a motion to make more specific, and not a demurrer for want of facts, was the remedy.

It is next insisted by appellants that the court erred in overruling their motion for a judgment in their favor on the answers to the interrogatories. Appellants claim that "the verdict is not a general verdict, but only finds a few facts specially." The verdict is as follows: "We the jury find for the plaintiff against the defendants, that they have obstructed the alley described in the complaint, that said obstruction should be abated and removed therefrom, and that plaintiff's easement in said alley should be quieted thereto, and we find for plaintiff against defendants, on the cross-complaint. [Signed] E. Brightmore, Foreman of Jury." The part of the verdict which precedes the first punctuation mark is a general finding in favor of appellee against appellants. Then follows a finding as to the obstruction of the alley, and that the same should be removed, which is followed by a general finding in favor of appellee and against appellants on their cross-complaint. The verdict is clearly a general one de-

termining all material issues in favor of appellee, and, unless the answers of the jury to the interrogatories are in irreconcilable conflict therewith, the court did not err in overruling appellants' motion for a judgment in their favor. *Consolidated Stone Co.* v. *Summit*, 152 Ind. 297, 300, and cases cited.

Appellants call attention to one interrogatory only, which they claim is in conflict with the general verdict. This interrogatory sets out what purports to be a copy of a deed made by Charles Bickle and Anton Roush in 1868, conveying to William and James Ewing the right of way over a strip of ground ten feet wide on out lot two in the original plat of the town of Huntington, describing it; the east end of said strip being the west end of the right of way conveyed by said Ewings to said Roush and Bickle, and the west end thereof, Cherry street. The jury found in answer to said interrogatory that said deed was executed and delivered by the grantors to the grantees named therein on November 29, 1868. The rule is that answers to interrogatories cannot be aided by any presumption or intendments, but that all reasonable presumptions must be indulged in favor of the general verdict. *Consolidated Stone Co.* v. *Summit, supra,* p. 301, and cases cited. Under the rule stated, the fact that such a deed was executed is not in irreconcilable conflict with the general verdict.

It is next insisted that the court erred in overruling the motion for a new trial. The first and second causes for a new trial are, that the verdict is not sustained by sufficient evidence, and that the same is contrary to law. While there is a conflict in the evidence as to some of the facts, there is evidence which shows that out lot two in the original plat of the town of Huntington abuts upon Jefferson street on the east and Cherry street on the west; that a part of said out lot, 132 feet north and south, abutting on Jefferson street and extending back the same width 140 feet and three inches, was, on and before November 29, 1868, the

property of James and William Ewing, the north half thereof being the property of James, and the south half being the property of William; that the part of said out lot immediately west of the part belonging to the Ewings, being 132 feet north and south, and extending from the Ewing property west to Cherry street, was, on and before said date aforesaid, the property of Charles Bickle and Anton Roush, seventy-three feet off of the north side of said tract belonging to said Bickle, and the remainder, being fifty-nine feet off of the south side, belonging to said Roush. The deed to Anton Roush for said fifty-nine feet was executed in 1867 by Tuisch and wife, and immediately below the description of the real estate it contained the following provision: "And said party is to grant a right of way on the north side of said fifty-nine feet, to be five feet wide, for an alley." The north line of a way ten feet wide—five feet on each side of the line between the real estate of appellants and appellee,—extending from Cherry street to the west boundary of the real estate of the Ewings, would be seven feet south of the north line of the way on the line between the real estate of the Ewings as described in their deed to Bickle and Roush, and this would only leave a space of three feet between the north line of such way on appellants' and appellee's real estate and the south line of the way on the Ewings' real estate to pass through. A way so opened from Jefferson street to Cherry street could only be used by persons on foot and on horseback, on account of the width being only three feet where said ways would meet if so opened. The four parties, for the purpose of having a private way extending from Jefferson street to Cherry street, so that it could be used for ingress and egress to and from the real estate abutting thereon, on November 29, 1868, executed two deeds. One was executed by James and William Ewing to Charles Bickle and Anton Roush, conveying to them the right of way over a strip ten feet wide running from Jefferson street west 140 feet and three inches, one-half of said

way to be on each side of the line dividing the lands of James and William Ewing, "said right of way to be used by said Roush and Bickle for ingress and egress to and from their property at the west end of said strip, on foot or horseback or with empty wagons, but said grantees are not to pass over said strip with loaded wagons or drays." The deed from Bickle and Roush to the Ewings conveyed a right of way ten feet wide commencing at the west end of the way conveyed by said Ewings to Bickle and Roush, the center of which way was sixty-six feet south of the north line of said out lot two, and running from said point in a westerly direction to a point on the west line of said out lot on Cherry street seventy-three feet south of the northwest corner of said out lot, said strip "to be used by said Ewings for the purpose of ingress and egress to and from their said property at the east end of said strip, on foot, on horseback, and with empty wagons, but the said grantees are to have no right to pass over the said strip with loaded wagons, carts, or drays." The way described in said deeds was open from Jefferson to Cherry street, and was fenced on each side from Cherry street east to the west end of the way described in the deed from Ewings to Bickle and Roush, when said deeds were executed, and has been used at all times since— a period of more than twenty-five years—as a private way for the benefit of the real estate abutting thereon, and the owners and occupants of said real estate, until 1895, when it was obstructed by appellants building a fence therein without the consent of the other owners of the real estate abutting on said way. A part of the time the Ewings have maintained gates or bars across said way at the eastern and western boundaries of their said real estate, and the owners of the real estate abutting on said way west to Cherry street have maintained a gate across said way at Cherry street during a part of the time since the execution of said deeds in 1868. No gates or bars have been maintained across said way at any time for the last five years. Said way

so located, opened, and used, has been recognized as the boundary line by the owners of said real estate since the execution of said deeds in 1868. Buildings have been erected and improvements made upon the real estate abutting upon said way with reference to the same and its location and use. On May 13, 1875, John Roush and wife executed a deed conveying to appellant, Matilda Roush, that part of said out lot two which was owned by Charles Bickle in 1868, when the deeds for said way were made, which deed reserved five feet for an alley along the south side thereof. Anton Roush died testate in 1895, and by his will, which was duly admitted to probate, he devised his part of said out lot two to appellee during her life.

Substantially the same facts concerning said way were found by the jury in answer to the interrogatories submitted by the court. Under said facts appellee was clearly entitled to use said way, and appellants were guilty of an actionable wrong in obstructing the same.

The deed executed by Bickle and Roush and the deed executed by the Ewings must be construed together as one instrument in the light of the surroundings of the parties and the facts and circumstances of the case, and, when so construed, it is clear that the said way from Jefferson street to Cherry street was appurtenant to the real estate abutting thereon, and that the same was to be used as a means of ingress to and egress from said real estate, subject to the limitations mentioned in said deeds. Moreover, the parties who executed said deeds, and those holding under them, by their acts and conduct in fencing said way on each side thereof, and using the same from 1868 to 1895, a period of twenty-seven years, for ingress to and egress from said real estate abutting thereon, and erecting buildings on and improving said real estate with reference to said way, have so construed said deeds. The ordinary rule is that where parties have, by their acts and conduct, given their contract a certain construction, the courts will adopt that construc-

tion. *Bever* v. *Bever*, 144 Ind. 157, 164; *Frazier* v. *Myers*, 132 Ind. 71, 72, and cases cited; *Ingle* v. *Norrington*, 126 Ind. 174, 176; *Louisville, etc., R. Co.* v. *Reynolds*, 118 Ind. 170, 173; *Dwenger* v. *Geary*, 113 Ind. 106, 122, and cases cited; *Lyles* v. *Lescher*, 108 Ind. 382, 385, 386; *Johnson* v. *Gibson*, 78 Ind. 282; *Childers* v. *First Nat. Bank*, 147 Ind. 430, 436. Said way cannot, therefore, be closed or obstructed without the consent of all of said owners. Moreover, while using said way, and on the faith thereof, they have erected buildings and made improvements on said abutting real estate with reference to said way with the knowledge of each other, and under such circumstances the abutting owners cannot be deprived of the use thereof without their consent, even though said deeds were merely a license to use said way, or there was a mere oral license to use said way. *Robinson* v. *Thrailkill*, 110 Ind. 117, 118, and cases cited; *Joseph* v. *Wild*, 146 Ind. 249, 253, 254, and cases cited; *Noble* v. *Sherman*, 151 Ind. 573, 574; *Rerick* v. *Kern* (Pa.), 14 Serg. & Raw. 267, 16 Am. Dec. 497, and note pp. 501-506.

It will be observed that the deed of Tuisch and wife to Anton Roush does not reserve five feet off of the north side of the real estate conveyed for an alley, but only provides that "said party is to grant a right of way on the north side of said fifty-nine feet to be five feet wide, for an alley." At the time the deed was executed, Bickle was the owner of the part of said out lot two immediately north of the part conveyed by said deed to Roush. It is not shown that Tuisch, the grantor, ever demanded of Roush that he grant or give a right of way on the north side of the fifty-nine feet conveyed to him, and there is no evidence in the record showing that any other person had any right to demand such a grant, or the right to use said strip of five feet. The fact that such a provision was contained in said deed does not change the legal effect of the two deeds for said way, or the construction given them by the acts of the parties in open-

ing, using, and fencing the same on both sides as described in said deeds, and in improving the said real estate with reference to said way.

The deed to Matilda Roush for the part of said out lot conveyed to her was executed in 1875, long after the deeds for said way were made and recorded, and after the same had been opened and the fences built; and the reservation of the five feet along the south side for an alley can in no way affect the way as then located and used. Whatever title said appellant acquired to said real estate under said deed was subject to the way existing thereon at the time of said purchase. *Bales* v. *Pidgeon*, 129 Ind. 548; *Ellis* v. *Bassett*, 128 Ind. 118; *Fankboner* v. *Corder*, 127 Ind. 164. Moreover, the use of said way by the abutting owners as it existed when said appellant received her deed continued until appellants obstructed the same in 1895. It follows, therefore, that the verdict is sustained by sufficient evidence, and the same is not contrary to law.

A number of causes assigned for a new trial on account of the admission of evidence over appellants' objections are predicated upon the theory that appellee and those under whom she holds acquired no interest in the way conveyed by said deeds, or by virtue of the location and use of said way, and the improvement of her real estate with reference to said way. What we have said concerning said deeds and the facts established by the evidence disposes of all such causes for a new trial.

Several causes for a new trial call in question the action of the court in allowing witnesses to testify, over appellants' objection, to the number of years said way had been used as such. This was not error, although it was not alleged in the complaint that appellee had title to said way by prescription. Under the allegations of the complaint, appellee had the right to prove the length of time said way had been used as such, that the same had been fenced on each side, where the fences were located, and all other facts

heretofore stated as having been proved by evidence in the cause. Such evidence was proper to show the construction given said deeds by the parties and those holding under them, as well as for other purposes. The twelfth, thirteenth, fourteenth and fifteenth causes for a new trial call in question the action of the court in permitting witnesses called after appellants had closed, their evidence to testify to certain facts which it is claimed were only admissible in chief. It is not necessary to decide whether or not such evidence was original or rebuttal in its character, because it was within the discretion of the trial court to admit original testimony, even after the evidence and argument have been closed, and a cause will not be reversed for that reason unless it clearly appears that such discretion was abused. *Kahlenbeck* v. *State*, 119 Ind. 118, 122, 123, and cases cited; *McNutt* v. *McNutt*, 116 Ind. 545, 565, 2 L. R. A. 372; *Stipp* v. *Claman*, 123 Ind. 532, 538. The record does not disclose any abuse of discretion in admitting said evidence.

At the close of the evidence in the case, as the jury was about to be sent to view the premises, appellee's counsel said: "We want to ask Mr. Roush one question as to whether he has not been digging there in that alley this morning, and if it was not for the purpose of manufacturing testimony?" Counsel for appellants thereupon moved the court to instruct the jury that the remark made by counsel for appellee should be disregarded by them. The court said: "I have instructed the jury that they should not pay any attention to side remarks in the case." Appellants then moved the court specifically to instruct the jury to disregard the remark just made by appellee's counsel, and the court failing to give such specific instruction appellants excepted. This ruling of the court is assigned as a cause for a new trial. The instruction given called the attention of the jurors to the fact that he had already instructed them to pay no attention to such remarks, and, in effect, repeated this instruction to them. This was clearly as

specific and effective as to have instructed the jury to dis-
regard the remark.  The instruction of the court was suf-
ficient to counteract the harmful effect, if  any, of said
remark, for we must presume that the jurors were men of
average common sense and ordinary intelligence, and that
they understood and obeyed said instruction.

The correctness of each instruction given to the jury and
the action of the court in refusing to give each of certain
instructions requested by appellants are severally challenged
by a number of causes assigned for a new trial.  Such of
said causes as are not disposed of by what we have said
concerning the deeds for said way, and the construction
given thereto by the acts and conduct of the parties, and
the evidence being sufficient to support the verdict, are
not available, because the answers of the jury to the in-
terrogatories submitted to them show that appellants were
not injured by the giving or refusal to give any of such
instructions.  Under such circumstances, errors in giving
or refusing to give instructions are harmless, and therefore
furnish no ground for reversal.  *Sievers* v. *Peters, etc., Co.*,
151 Ind. 642, 662; *Ricketts* v. *Harvey*, 106 Ind. 564;
*Cline* v. *Lindsey*, 110 Ind. 337, 348;  *Moore, Adm.*, v.
*Lynn*, 79 Ind. 299; *Cleveland, etc., R. Co.* v. *Newell*, 104
Ind. 264, 272, 273, 54 Am. Rep. 312.

It follows that the court did not err in overruling the
motion for a new trial.

Judgment affirmed.