## VIERLING v. LEICH.

[No. 3,595.    Filed May 27, 1902.]

JUDGMENTS.—*Former Adjudication.*—Plaintiff sold his interest in a business, executed a receipt in full of all claims against the purchasers, and, as a part of the same transaction, received a statement showing that he was entitled to one-fourth of all uncollected accounts; he afterward brought an action in which he averred that he was induced by fraud to sign the receipt, asked for a general accounting, and obtained a judgment, which was afterward paid, and subsequently brought another action for his interest in certain accounts which he alleged defendant had collected. *Held,* that the former judgment constituted a bar to the subsequent action.    Comstock, J., dissents.

From Vanderburgh Superior Court; *J. H. Foster,* Judge.

Action by Peter Vierling against Charles Leich for an accounting.    From a judgment for defendant, plaintiff appeals.    *Affirmed.*

*Peter Maier,* for appellant.
*A. Gilchrist* and *C. A. De Bruler,* for appellee.

ROBY, J.—The appellee executed a receipt as follows: "Evansville, Ind., November 1, 1890.    $6,083.80.    Received of Charles Leich, J. A. Lemcke, and Alexander Lemcke, $6,083.80.    The sum is received by me in full satisfaction of all claims by me against said Charles Leich, J. A. Lemcke and Alexander Lemcke, or against either of said persons, growing out of the purchase by said J. A. Lemcke and Alexander Lemcke of the stock of goods and other assets of Leich, Vierling & Carlstedt, and out of the wholesale drug business carried on by said Lemcke, subsequent to such purchase, under the name of Lemcke & Co., and said sum is in full of all other claims and demands against said parties, or any of them.    Signed in duplicate. Peter Vierling."

Contemporaneously therewith, and as part of the same transaction, an instrument in terms as follows was exe-

cuted to him: "Evansville, Ind., Nov. 1, 1890. This is to certify that Peter Vierling is entitled to one-fourth of all accounts that are still unpaid, and may be collected hereafter, of Leich, Vierling & Carlstedt and of Lemcke & Co., up to July 1, 1888, the latter amounting to $4,266.65, and the former to $3,207.52. Any error in calculation or omission in settlement to be corrected whenever discovered. Charles Leich. Lemcke & Co."

Afterwards, in June, 1893, he brought an action, in which he averred that he was induced to sign said receipt by fraud, and in which he prayed a general accounting, and judgment for his share. Upon trial he recovered a judgment for $1,200 against appellant, which has been paid.

In the present suit he alleges that appellee has collected certain accounts; that he is entitled to one-fourth of such accounts; that he has demanded the same, but that appellee refuses to pay any part thereof. The issues formed on this complaint present the question as to whether the prior action constitutes an adjudication of the matters now set up. The trial court held that they were within the issues of that cause and, therefore, under the rule declared in *Fischli* v. *Fischli,* 1 Blackf. 360, 12 Am. Dec. 251, and many other cases, conclusively presumed to have been adjudicated therein. Appellant claims the right to show that the court did not adjudicate the claim now set up.

The transaction evidenced by the instruments heretofore set out was successfully attacked by appellant as fraudulent. Being fraudulent, it was as though never made. The issues then required a full adjustment of the mutual rights of the parties growing out of the business relation. A money judgment was rendered. The value of the uncollected accounts was involved. If a final disposition could not be made otherwise, the court had power to appoint a receiver to collect them. *Childers* v. *Neely,* 47 W. Va. 70, 34 S. E. 828, 49 L. R. A. 468, 81 Am. St. 777.

In determining the rights of partners as to one of many business transactions, it is necessary to know their rights as to all; for the partnership business is a continuous thing, and not a disjointed connection of separate affairs. *Crossley* v. *Taylor,* 83 Ind. 337; *Page* v. *Thompson,* 33 Ind. 137; *Doulhit* v. *Douthit,* 133 Ind. 26.

Judgment affirmed.

## DISSENTING OPINION.

COMSTOCK, J.—The appellant, in this action, seeks to recover money collected by appellee of the accounts of two firms, of which appellant and appellee were partners, which appellee collected since the dissolution and settlement had between them.  At the time of the dissolution and settlement the statement was made by appellee, to appellant, of the amount due him.  Believing such statement to be true, he executed to appellee a receipt in full, which is set out in the complaint.  Appellee admitted at the time of said settlement that appellant was entitled to the one-fourth interest in the accounts yet outstanding, and gave him a writing to that effect.  Appellant bases his right to recover upon said writing, set out in the complaint, which is as follows: "Evansville, Ind., November 1, 1890.  This is to certify that Peter Vierling is entitled to one-fourth of all accounts that are still unpaid, and may be collected hereafter, of Leich, Vierling & Carlstedt and of Lemcke & Co., up to July 1, 1888, the latter amounting to $4,266.65, and the former to $3,207.52.  Any errors in the calculation or omissions in settlement to be corrected whenever discovered. Charles Leich.   Lemcke & Co."

Appellee answered, setting up the entire record of a former action between the parties, and admitting that they were partners; that they had a settlement November 1, 1890; that appellee paid appellant $6,083.80, for which

he gave receipt, and appellee gave the writing set out in the complaint; that said writing constituted a full settlement between them; that appellant, claiming said settlement was not binding for reasons stated in his complaint, brought his action at the June term, 1893, of the superior court, asking for the value of his share of the assets. In said action he recovered judgment for $1,200. The judgment in said former action is pleaded as a bar to the present action.

A demurrer to the answer was overruled. The appellant replied in two paragraphs, setting forth, substantially, that the items sued for were collected by appellee since the rendition of the judgment in said former action; that the amounts mentioned were not embraced in said action, as they were not then collected, and no reference was made to them in the complaint, the object of said former action being to recover such amounts as were then due him from said partnership; that the outstanding accounts were not considered in said action; that the accounts sued for in the present action were all collected since the former action; that the items were furnished plaintiff by defendant before the bringing of this action; and that defendant at all times recognized his liability to pay appellant one-fourth when collected. The reply was held insufficient by the court. Appellant refusing to plead further, judgment was rendered against him for costs.

The only questions presented by this appeal are, did the court err in overruling the demurrer to the answer, and in sustaining the demurrer to the reply? The questions involved are fully presented by the reply, and, for the determination of this cause, we will consider the answer as sufficient, and pass upon the demurrer to the reply. The rule that the judgment of the court having jurisdiction of the parties and the subject-matter is conclusive,—a rule many times recognized by our own courts since *Fischli* v. *Fischli,*

1 Blackf. 360,—means only that such judgment is conclusive upon all questions which were, or might have been under the issues, litigated and determined in the action in which a judgment was rendered. *Kitts* v. *Willson,* 140 Ind. 604, citing *Jones* v. *Vert,* 121 Ind. 140, 16 Am. St. 379; *Whitney* v. *Marshall,* 138 Ind. 472.

In 2 Black on Judgments, §618, the author says: "A judgment is not conclusive of any matter which, from the nature of the case, the form of action, or the character of the pleadings, could not have been adjudicated in the former suit."

Herman on Estoppel and Res Judicata, §98, says: "Where specific facts or questions have been adjudicated and determined in a former suit, and the same facts or questions are again put in issue in a subsequent suit between the same parties, their determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not." See, also, §97, *supra.*

In *Bendernagle* v. *Cocks,* 19 Wend. 206, Cocks sued Bendernagle for some of the breaches of certain covenants in an indenture of lease executed by him to Cocks; subsequently he commenced a second action, claiming damages for other breaches; all of the causes having accrued at the time of the bringing of the first suit. The court held that the plea of a former judgment in an action for a part of such entire demand being valid as a plea in bar to the whole, it follows that a plea of the pendency of such an action is good in abatement for the whole. The court said: "A man can not be permitted to sever a book debt and multiply suits unnecessarily. The case of *Lane* v. *Cook,* 3 Day 255, settled this principle; that a judgment in an action of book debt is conclusive, 'as to all matters on book subsisting between the parties at the date of the writ on which judgment was rendered.' But a cause of action which

originated posterior to the commencement of a suit can not be affected by the judgment rendered in it, as it was not exhibited in evidence, nor could form any part of the matter on which the suit was instituted. Looking, as I think we must, on the several defaults to pay items as so many successive breaches of a single contract, we here have an authority for saying that all such breaches are but parts of one indivisible demand, so far as they are committed at the commencement of the suit."

All debts on demand already due by the same contract make one entire contract. In the case at bar appellant had no claim against appellee for outstanding claims. His interest in such claims while unpaid gave him no right of action. In the action pleaded in bar, demand was made for appellant's share of what had been collected,—nothing more. Upon the uncollected claims there could have been no adjudication. In 2 Black on Judgments, §618, it is said: "The estoppel does not depend upon technicalities, but rests in broad principles of justice, and it can apply only when the party has had his day in court and an opportunity to establish his claim."

By the learned counsel for the appellant it is urged that the fact that all the accounts in question had not been collected at the time the former judgment was rendered, would not prevent the ascertainment of their probable value, and a judgment therefor. *Aetna Life Ins. Co.* v. *Nexsen,* 84 Ind. 347, 43 Am. Rep. 91; *Schell* v. *Plumb,* 55 N. Y. 592.

In the *Aetna Life Ins. Co.* v. *Nexsen, supra,* an insurance agent sued his employer, the insurance company, for damages resulting from his wrongful discharge during the existence of the contract, it was held his recovery is not restricted merely to commissions on premiums collected prior to his dismissal, but may include the probable value of the renewals on policies obtained by him, upon which future premiums would, in the ordinary course of business, be re-

ceived by the insurance company. It was also held that he could not split his demand into parts, but must combine in one action his claim for services, and for damages resulting from the breach of the contract, although they are prospective in their character. This conclusion was reached upon the theory that there was a very strong probability that the renewal premiums would be paid; that in the absence of all evidence the presumption is in favor of the existence, rather than a lapse or cancelation, of a policy. The court quotes from *Lewis* v. *Atlas, etc., Ins. Co.,* 61 Mo. 534, in which it was held that the agent had an interest in the renewal of premiums, and that it should be considered in estimating damages for a suit on account of the wrongful discharge. The following quotation is made from the opinion: "By the use of statistical tables and comparisons, a remarkable degree of accuracy is obtained, and where a connection ceases between an agent and the company, it is the only mode of ascertaining or adjusting the agent's interest. The calculation by the actuary has been reduced to scientific principles, and it must be resorted to, else there would be a failure of justice on one hand, or on the other, the damages would be purely speculative."

*Schell* v. *Plumb,* 55 N. Y. 592, was an action upon an agreement by one party to support another during life. The court held that it was an entire continuing contract and upon a total breach thereof the latter will recover fully the final damage i. e., not only the expense of support up to the time of the trial, but also the prospective expenses during life. It was also held that Northampton tables were competent evidence as to the probable duration of a life. This action in effect held that the damages claimed were susceptible of proof, and were not, under the evidence, purely speculative. But even under the rule laid down in these cases the value of the stale accounts could not be measured.

It has been stated that a safe test for ascertaining whether or not the judgment in one action should be a bar to another, is to consider whether the same evidence would, or would not sustain both. In the case before us the specific facts and items in controversy were not, or could not have been put in issue in the former suit, nor would the evidence in the one action have sustained the claim made in the other.

I can not agree with the majority opinion. In my opinion the judgment should be reversed, with instructions to overrule the demurrer to the reply.